UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Bralyn Tashaun Jackson, | ) | C/A No. 8:26-cv-00998-JDA-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding pro se, commenced this action by filing a handwritten document that purported to be a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). [Doc. 1.] At the time Petitioner commenced this action, he was incarcerated as a pretrial detainee at the Greenville County Detention Center. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this matter were referred to United States Magistrate Judge William S. Brown, who conducted an initial screening under 28 U.S.C. § 1915.

By Order dated March 10, 2026, under General Order *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), Petitioner was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for further evaluation and possible service of process. [Doc. 5.] Specifically, Petitioner was instructed to pay the five-dollar ($5.00) filing fee or file an application to proceed without prepayment of fees and complete and return a standard form petition under 28 U.S.C. § 2241. [*Id*.] Petitioner was warned that failure to provide the necessary information and paperwork (including payment of the filing

fee and a completed standard form petition) within 21 days, the time set forth in the Order, may result in the case being dismissed.  [*Id.* at 1.]  Petitioner's response was due by March 31, 2026.  The Order also advised Petitioner of his duty to always keep the Court informed as to his current address if it changed for any reason.  [*Id.* at 2.]  The Court's Order was mailed to the Greenville County Detention Center (the "Detention Center"), where Petitioner was incarcerated.  [Doc. 7.]  On March 30, 2026, the Court's Order was returned as undeliverable with a notation that Petitioner had been released.  [Doc. 10.]

Prior to receiving the returned Order noted above, the Court issued a second Proper Form Order dated March 24, 2026.  [Doc. 8.]  That Order noted the Court had received documents filed in another case indicating Petitioner was no longer incarcerated at the Detention Center and that his new address appeared to be 9 Juanita Ct., Greenville, SC 29611.  [*Id.* at 1.]  That Order again required Petitioner to pay the filing fee and file a standard form petition and again reminded Petitioner of his duty to keep the Court informed as to his current address.  [*Id.* at 2–3.]  That Order was mailed to the new address associated with Petitioner listed above.  [Doc. 9.]  The deadline set in the second Proper Form Order was April 14, 2026.  The Court's Order was not returned as undeliverable and so Petitioner is presumed to have received the Court's Order. However, Petitioner did not file a response to the Court's Order, and he did not bring the case into proper form by paying the applicable filing fee.

It appears to the Court that Petitioner has abandoned this matter.  This case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from

those cited by appellant. . . .  In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Petitioner has allowed the Court's deadline to pass without filing any response.  Petitioner has also not paid the filing fee, which is required for this action to proceed, and also has not filed a standard form petition.  Because Petitioner is proceeding pro se, he is personally responsible for these failures.  In both of the Court's Proper Form Orders, Petitioner was specifically warned as follows:

> If Petitioner does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.

[Docs. 5 at 1 (emphasis omitted); 8 at 2 (same).]  Petitioner did not respond to the Court's Orders, and the time to respond has lapsed.  Petitioner has failed to bring this case into proper form and appears to have abandoned his claims in this case.  Because Petitioner has failed to prosecute this case and has failed to comply with the Orders of this Court, this case is DISMISSED *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

April 21, 2026
Greenville, South Carolina

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the legal standard for the issuance of a certificate of appealability has not been met.